**EUGENE REID, TUPUTAUSI REID, FELETI VILIAMU and SENUEFA VILIAMU, Plaintiffs**

**v.**

**AMERICAN SAMOA GOVERNMENT, ATTORNEY GENERAL, and TERRITORIAL REGISTRAR, Defendants**

High Court of American Samoa
Land and Titles Division

LT No. 22-95

August 8, 1995

Before KRUSE, Chief Justice, TAUANU`U, Chief Associate Judge, and

BETHAM, Associate Judge.

Counsel: For Plaintiff, Afoa L. Su`esu`e Lutu
 For Defendants, Cherie Shelton Norman, Assistant
 Attorney General.

Opinion and Order on Petition for Declaratory Relief:

## FINDINGS

The parties have presented the following stipulation:

> Eugene Reid and Tuputausi Reid are residents of the village of
> Tafuna, County of Tualauta, American Samoa. They are legal
> owners of land "Taileau" located in Tafuna, duly registered as
> individually owned land, and recorded in the Office of the
> Territorial Registrar in Land Transfers, Volume 3, at page 202.
> On March 23, 1995, Eugene and Tuputausi Reid executed a Deed
> of Conveyance containing an area of approximately 0.30 acre
> more or less of the portion of land "Taileau" above-referenced to
> Feleti and Senuefa Viliamu. When Feleti and Senuefa Viliamu
> tried to register their Deed of Conveyance they were told by the
> Territorial Registrar's Office that they would have to go through
> a notice of registration process in which they would have to
> submit affidavits from the village major (pulenu'u), newspaper,
> and clerk of court verifying that the posting requirements have
> been satisfied for sixty (60) days before the deeds would be
> registered.

> The Territorial Registrar was acting pursuant to a legal opinion
> issued by the Attorney General dated April 24, 1995, marked
> Exhibit "A", filed herewith and incorporated hereto as part of this
> stipulation by its reference. The Territorial Registrar is requiring
> all applicants for registration and transfers of any land to Notice
> the proposed registration and/or transfer of land and to provide
> affidavits of the notices from the pulenu'u, newspaper, and clerk
> of court stating that notice has been given.

> The Reids have brought this complaint for a Declaratory Relief
> action regarding the Legal Opinion of the Attorney General. The
> plaintiffs state that the opinion of the Attorney General
> misinterprets the laws and statutes regarding registration of lands,
> and in particular, A.S.C.A. § 37.0103(c).

159

The referenced Attorney General's opinion ("AG Opinion") effectively holds, and accordingly instructs the Territorial Registrar, that the notice requirements of A.S.C.A. § 37.0103(c) apply not only to the initial registration of title to previously unregistered land, but also to every recorded transfer or conveyance of title to that land. The Reids bring this action, asking this court to declare that the AG Opinion misinterprets the requirements of the notice provisions, and to declare whether or not they are required to comply with the said provisions.

## CONCLUSIONS

The AG Opinion is inconsistent with *Vaimaona v. Tuitasi*, 18 A.S.R.2d 88 (App. Div. 1991). There the Appellate Division distinguished between registering *title* to land, pursuant to Chapter 1, of Title 37, and registering an *instrument* to alienate title to land, pursuant to the succeeding Chapter 2 of Title 37, as separate and distinct processes with separate and distinct purposes and consequences.

The *title* registration process is essentially a quiet title mechanism which provides all rival claimants to land an opportunity to resolve once and for all the issue of title or ownership to that land. *Id.* at 94-95. It applies *only* to land "not previously registered," A.S.C.A. § 37.0101(a), and once this registration process is complete, the registered owner is conclusively presumed to be the owner of the land to the preclusion of every one else. *Ifopo v. Siatu`u*, 12 A.S.R.2d 24 (App. Div. 1989). In the context of title registration, a one-time occurrence, the dictates of due process are readily apparent and, hence, the notice requirements of Chapter 01.

■ On the other hand, the registration process pertaining to *instruments* alienating title to land, covered by the succeeding Chapter 02 of Title 37, is merely in effect a "recording" procedure. *Vaimaona*, at 94. A conveyancing instrument, such as a deed, does not certify ownership of the land but merely publicly attests to the fact that one person's interest in land, whatever that may be, has been conveyed to another. The requirements of procedural due process are hardly apparent in this context; however, in order for title to pass, according to the land alienation law, a deed of conveyance must be registered. A.S.C.A. § 37.0210. The registration process covered by Chapter 2, of Title 37 does not entail a notice requirement inviting the world to again contest title to previously registered land on each occasion that title is conveyed. This would effectively render the Chapter 1 registration process nugatory, and its 60 day limitations period meaningless. A deed of conveyance may, therefore,

160

be registered without meeting the notice requirements of A.S.C.A. § 37.0103.[1]

## DECLARATION AND ORDER

The Reids are entitled to have their deed to the land "Taileau," given and delivered to the Viliamus, registered with the Territorial Registrar pursuant to A.S.C.A. § 37.0210, without being required to go through the notice requirements set forth in A.S.C.A. § 37.0103. The Territorial Registrar is directed to accept for registration the said Reid-to-Viliamu deed.[2]

Judgment shall enter accordingly.

It is so ordered.

---

[1] On the other hand, the issue of the Reids' title to "Taileau" is not before us and we intimate no opinion whatsoever on that issue.

[2] One practice of the Territorial Registrar's office that can be cause for public confusion is its issuance of "Certificates of Registration" to subsequent grantees, following a transfer of title. These "Certificates of Registration" misleadingly project title certification in and to the grantee, whereas the deed registration process under Chapter 2, Title 37, A.S.C.A. § 37.0210, amounts to nothing more than a "recording" exercise, antecedent to a valid alienation.